# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CONTINENTAL CASUALTY COMPANY,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>MIKE SCULLY AND CARLA SCULLY,<br><br>　　　　　　　　　　Defendants.<br>_____<br>AND ALL RELATED COUNTERCLAIMS. | CASE NO. 09cv1970 DMS (NLS)<br><br>**ORDER DENYING CONTINENTAL'S MOTION TO VACATE ORDER SETTING JURY TRIAL AND MOTION FOR SEPARATE TRIALS**<br><br>**[Docket No. 55]** |

　　　　This case comes before the Court on the motion of The Continental Casualty Company ("Continental") to vacate the order setting this case for jury trial, or in the alternative, to first set a bench trial on the claims in the Complaint, and then, if necessary, set a jury trial on the claims in the Counterclaim. Mike and Carla Scully filed an opposition to the motion, and Continental filed a reply. For the reasons discussed below, the Court denies the motion.

## I.
## BACKGROUND

　　　　This case was recently transferred from the calendar of the Honorable Thomas J. Whelan to this Court. Judge Whelan held a pretrial conference on July 18, 2011, and scheduled the case for trial on

1  December 6, 2011, before transferring the case to this Court.  Two days after the case was transferred,
2  Continental filed the present motion.  The trial has been continued to January 23, 2012, to allow the
3  parties an opportunity to brief the present motion, and the Court time to resolve it.

## II.

## DISCUSSION

Continental moves to vacate the order setting this case for jury trial, or in the alternative, to set a bench trial on its claims followed by a jury trial on the counterclaims, if necessary.  Continental argues there is no constitutional or statutory right to a jury in this case, therefore the entire case should be tried to the Court.  Alternatively, Continental asserts its claims should be tried to the Court first, followed by a jury trial on the Scullys' counterclaims, if necessary.  The Scullys respond that they are entitled to a jury trial pursuant to the Seventh Amendment, and that it would be more efficient and economical to try the entire case to a jury.

Whether this case should be tried to a jury depends on whether admiralty and non-admiralty federal jurisdiction exists over any of the claims or counterclaims asserted in this case.  If the claims sound only in admiralty, then there is no right to a jury trial.  However, if a claim arises under the Court's general civil jurisdiction, then the party asserting that claim has the right to a jury trial.

In this case, Continental invoked only the Court's admiralty jurisdiction. (Compl. ¶ 1.)  The Scullys, however, invoked the Court's diversity jurisdiction. (Counter-Claim ¶ 4.)  Under these circumstances, the Scullys have a right to have their counterclaims tried to a jury.  *See Wilmington Trust v. United States District Court for the District of Hawaii*, 934 F.2d 1026, 1031 (9th Cir. 1991) ("... the right to a jury trial as provided by the seventh amendment overcomes another party's preference for a bench trial when those interests conflict.")  This is so even though Continental elected to proceed under this Court's admiralty jurisdiction.  *Id.* at 1032.  Accordingly, the Court denies Continental's motion to vacate the order setting this case for a jury trial.

Anticipating this conclusion, Continental requests that the Court bifurcate its claims from the Scullys' counterclaims, and proceed with a bench trial on its claims followed by a jury trial on the counterclaims, if necessary.  Continental argues this approach would serve judicial economy, prevent prejudice to Continental and avoid confusion of the issues.  The Scullys assert the claims and

1  counterclaims are based on the same facts, therefore it would be more economical and efficient to try
2  the case once. They also contend that bifurcation will undermine their right to a jury trial, which will
3  prejudice them, not Continental. The Scullys also maintain that any potential confusion of the issues
4  can be addressed through admonitions and instructions to the jury. Considering the facts and issues in
5  the case, the Court agrees with the Scullys that separate trials in this case would not serve "convenience,
6  to avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b). Accordingly, the Court
7  denies Continental's motion for separate trials.

## III.

## CONCLUSION AND ORDER

For these reasons, the Court denies Continental's motion to vacate the order setting this case for jury trial, and denies Continental's motion for separate trials. In anticipation of trial, the parties shall file their motions *in limine* on or before **January 12, 2012**. Opposition briefs shall be filed on or before **January 19, 2012**. The Court will not accept reply briefs.

**IT IS SO ORDERED**.

DATED: January 3, 2012

HON. DANA M. SABRAW
United States District Judge